IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50177
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURA W. BRADSHAW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-247-1-EP

_____

September 28, 2000

Before GARWOOD, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Laura W. Bradshaw appeals her conviction after a nonjury trial of assault in violation of 18

U.S.C. § 113(a)(4). She argues that the magistrate judge erred in limiting her presentation of the

evidence regarding the alleged bias of the Government's main witness (the Victim) and that the

district court erred in affirming her conviction.

_____

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bradshaw's theory of bias was that the Victim testified falsely about the assault to punish her for lodging a complaint against the Victim and another soldier, Reister, for allegedly carrying on an adulterous affair with each other. The magistrate refused to allow Bradshaw to question the Victim concerning the alleged affair or the identity of the father of the Victim's unborn child, finding that the crucial issue was the Victim's knowledge of Bradshaw's complaint. Bradshaw claims that this refusal was error because it denied her the right to show bias through extrinsic evidence and, as a result, she was "stuck" with the Victim's denial of knowledge of Bradshaw's complaint.

Evidentiary rulings and determinations of relevance are reviewed for abuse of discretion. *See United States v. Steward*, 93 F.3d 189, 192-93 (5th Cir. 1996); *United States v. Scott*, 48 F.3d 1389, 1396 (5th Cir. 1995). With regard to cross-examination, trial judges retain wide latitude to impose reasonable limitations without violating the Confrontation Clause. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). We affirm the district court's affirmance because the magistrate allowed Bradshaw to testify as to the Victim's bias and did nothing to prevent her from introducing additional extrinsic evidence to show that the Victim was aware of the complaint. No such evidence was ever offered. Indeed, defense counsel said "we'll leave it at that" after the victim for a second time denied any such knowledge. Even if there had been evidence that the victim was aware of the defendant's complaint, while that evidence clearly would have been both admissible and admitted, it is by no means clear that it would have been an abuse of discretion to exclude, as insufficiently relevant, evidence of the victim's alleged affair with Reister–who was not shown to have any relationship with Bradshaw–or that Reister was allegedly the father of the victim's unborn child.

AFFIRMED.